## CIRCUIT COURT OF THE CITY OF RICHMOND

RGA/SSA Architects, L.C.

v.

Virginia Commonwealth
University

December 20, 2002

Case No. LP-1520-4

BY JUDGE RANDALL G. JOHNSON

This is a breach of contract action brought by RGA/SSA Architects, L.C. ("RGA"), against Virginia Commonwealth University ("VCU"). It is before the court on VCU's special plea of sovereign immunity, plea in bar, demurrer, and motion to dismiss. The court previously sustained VCU's demurrer to the original petition filed by plaintiff, and plaintiff has since filed an amended petition. It is the amended petition to which VCU's present pleading is directed.

The amended petition alleges that RGA and VCU entered into a contract under which RGA was to provide architectural services in the renovation of property known as the VCU Alumni House at 924 West Franklin Street in Richmond. RGA performed its duties as set forth in the contract, but, due to changes made by VCU and other delays not attributable to RGA, RGA continued to render services beyond the projected completion date of the project, which was set forth in the contract as June 21, 1999. RGA invoiced VCU for payment of $14,328.54 for additional services rendered. RGA received final payment under the contract on January 17, 2001. Also according to the amended petition, RGA, by letters dated November 16 and December 14, 2000, "placed VCU on notice of [RGA's] contractual claims for additional monies owed under the contract." The amended petition seeks damages in the amount of $14,328.54, plus interest, costs, and attorney's fees.

VCU's pleading, though multi-titled, is really directed at what VCU argues is RGA's failure to comply with the Virginia Public Procurement Act, Va. Code §§ 2.2-4300 *et seq.* Specifically, VCU asserts that RGA failed to submit notice of its claim and failed to file suit within the time periods specified by the Act. The court rejects VCU's argument.

Virginia Code § 2.2-4363(A) provides, in pertinent part:

> Contractual claims, whether for money or other relief, shall be submitted in writing no later than sixty days after final payment. However, written notice of the contractor's intention to file a claim shall be given at the time of the occurrence or beginning of the work upon which the claim is based.

As was recognized in *Flory Small Business Dev. Ctr. v. Commonwealth*, 261 Va. 230, 541 S.E.2d 915 (2001), the above requirement cannot be rigidly applied regardless of the facts. The particular time and form of notice depends on the circumstances of each case:

> The General Assembly has imposed certain procedures and limitations on the processing and enforcement of contract claims which are subject to the Procurement Act. These are mandatory, procedural requirements which must be met in order for a court to reach the merits of a case. . . . However, the statute does not specifically require that the notice of intent be separate and distinct from the claim itself in time or in form. By identifying more than one event that triggers the filing of an intent to file a claim, the statute acknowledges that not all claims will arise under the same circumstances. For example, a dispute over payment under the contract may not arise until the work is completed, preventing a contractor from giving notice of an intent to file a claim for such payment at the "beginning of the work upon which the claim is based." Thus, the timing and form of an alleged notice of intent pursuant to Code § 11-69(A) requires an examination of the circumstances of each case.

261 Va. at 238 (citation and footnote omitted, emphasis added).[1]

That appears to be precisely what happened here. According to the amended petition, RGA and VCU agreed that RGA would perform the

---

[1] Section 11-69(A) is now § 2.24363(A).

additional work for which RGA now seeks payment. Until that work was completed, RGA did not know there would be a dispute about payment. In fact, from the letters attached to the amended petition, VCU was still considering payment in January 2001. In his letter to D. Neal Rankins of RGA dated January 19, 2001, Donald M. Cosgrove, VCU's Director of Construction Management said:

> Furthermore, before we could even consider paying those charges, we would need a detailed breakdown by date, time, service provided, and charge for the amount requested. . . .
>
> Please be assured that VCU will pay you any justifiable charges related to this contract. We cannot, however, do so without full and documented justification. If you feel like this position is not justified, please contact me and we will discuss it further.

Thus, it is clear that as of January 19, 2001, no final decision had been made regarding RGA's request for payment for additional work. In fact, from the letters attached to the amended petition, it appears that some payments were made after that date. In order for the court to know whether the statutory notice, as explained in *Flory*, was given, the court needs to know more facts. The case cannot be dismissed now.[2]

The same is true with regard to VCU's argument that the present suit was not filed in time. Virginia Code § 2.2-4363(D) provides:

> The decision of the public body shall be final and conclusive unless the contractor appeals within six months of the date of the final decision on the claim by the public body by invoking administrative procedures meeting the standards of § 2.2-4365, if available, or in the alternative by instituting legal action as provided in § 2.2-4364.

Section 2.2-4364(E) provides, in pertinent part:

---

[2] By making this ruling, the court does not mean that VCU is precluded from raising its notice arguments at trial. The court simply holds that dismissal is not appropriate on the current state of the record. As was said in *Flory*, whether proper notice was given in a particular case often depends on the facts of that case. That is the situation here.

A contractor may bring an action involving a contract dispute with a public body in the appropriate circuit court.

As just discussed, even in Mr. Cosgrove's letter of January 19, 2001, VCU had not made a final decision not to pay RGA the amount it requested. To the contrary, RGA was told that VCU would pay "any justifiable charges related to this contract." In addition, he told RGA that if it felt VCU's position was not justified, "[p]lease contact me and we will discuss it further." Even as late as April 30, 2002, it appears that no *final* decision on RGA's claim had been made. On that day, Eugene P. Trani, VCU's President, wrote to Virginia's Comptroller in response to a letter written to the Comptroller by RGA's lawyer. In that letter, after summarizing what he considered to be the procedural posture of RGA's claim, Dr. Trani said:

> It is my *recommendation*, therefore, that this claim against the Commonwealth be allowed in the amount of $4,680.00 and no more.

Emphasis added.

That is not a final decision. It is a recommendation. The original petition was filed in this court on June 20, 2002, which is well within six months of April 30.

To the extent VCU has raised other matters in its pleading that have not been specifically addressed in this letter, those matters are rejected. The special plea of sovereign immunity, plea in bar, demurrer, and motion to dismiss are all overruled or denied, and counsel are directed to consult with their clients and with each other and set this case for trial.